UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSEPH COOPER | § | |
| | § | |
| v. | § | CASE NO. 3:14-CV-04152-B |
| | § | |
| BRODERICK STEVEN "STEVE" HARVEY | § | |

TRIAL BRIEF

Plaintiff, Joseph Cooper, submits this Trial Brief on specific issues remaining after this Court's Memorandum Opinion and Order, Doc. 171, and not addressed in Cooper's Motion in Limine.

To facilitate access specific discussions, Cooper provides the following Table of Contents. The references to paragraph numbers are to Harvey's First Amended Original Answer, Defenses and Affirmative Defenses, Counterclaims, and Request for Permanent Injunction, Doc. 123.

TABLE OF CONTENTS

Page

I. Cooper's Claims..................................................................................................4

    A. Breach of Contract ...................................................................................4

    B. Agreed Order as a Contract......................................................................4

    C. Consent .....................................................................................................5

    D. Damages...................................................................................................6

II. Harvey's Defenses to Breach of Contract Claims ..............................................7

    A. Statute of Frauds (¶ 68)............................................................................7

    B. Ambiguity ................................................................................................8

    C. Work for Hire (¶ 87) ................................................................................9

    D. License, Copyright (¶ 76-80) ...................................................................9

    E. Statute of Limitations (¶ 75) ....................................................................9

    F. Ratification, Waiver, Disclaimer and Accord and Satisfaction (¶ 83).......10

    G. Laches (¶ 83)...........................................................................................11

    H. Acceptance (¶ 67) ...................................................................................11

    I. Consideration (¶ 72-73) ...........................................................................11

    J. Unconscionable (¶ 70) .............................................................................12

    K. Unjust enrichment (¶ 71) ........................................................................12

    L. Conditions Precedent (¶ 81, 88)..............................................................12

    M. Contract terms indefinite (¶ 69)..............................................................13

    N. Mistake (¶ 87) .........................................................................................13

    O. Res judicata or collateral estoppel (¶ 80)................................................13

|      |     |                                              |     |
|------|-----|----------------------------------------------|-----|
|      | P.  | Estoppel (¶ 82) ............................................................................... | 14 |
|      | Q.  | Prior material breach (¶ 84) ............................................................. | 14 |
|      | R.  | Mitigation (¶ 85) ............................................................................ | 14 |
|      | S.  | Fraud (¶ 95) .................................................................................... | 15 |
| III. |     | Harvey's Claims ............................................................................... | 15 |
|      | A.  | Invasion of Privacy – misappropriation ........................................... | 15 |
|      | B.  | Violation of Right to Publicity ........................................................ | 15 |
|      | C.  | Conversion ...................................................................................... | 16 |
|      | D.  | Damages .......................................................................................... | 16 |
| IV.  |     | Cooper's Defenses to Harvey's claims ............................................. | 17 |
|      | A.  | Two year statute of limitations ....................................................... | 17 |
|      | B.  | Laches ............................................................................................. | 18 |
|      | C.  | Harvey's Conduct ........................................................................... | 18 |

I.   **Cooper's Claims**

A.   **Breach of Contract**

Elements: (a) existence of a valid contract, (b) plaintiff's performance or tendered performance, (c) defendant breached the contract, and (d) plaintiff suffered damages as a result of the breach. Lewis v. Bank of Am. NA, 343 F.3d 540, 545 (5th Cir.2003).

A legally enforceable contract consists of (a) an offer, (b) acceptance in strict compliance with the terms of the offer, (c) a meeting of the minds, (d) each party's consent to the terms, and (e) execution and delivery of the contract with the intent that it be mutual and binding. *Parker Drilling Co. v. Romfor Supply Co*., 316 S.W.3d 68, 72 (Tex.App.-Houston [14th Dist.] 2010, pet. denied).

The name of an instrument does not govern whether it is a contract. *David J. Sacks, P.C. v. Haden*, 266 S.W.3d 447, 450 (Tex. 2008), *see One Beacon Ins. Co. v. Crowley Marine Services*, 648 F.3d 258 (5th Cir. 2011). Courts enforce parties' intent is as stated in their agreement. *Kachina Pipeline Co. v. Lillis*, 471 S.W.3d 445, 450 (Tex. 2015).

Whether a contract was breached is a question of law. *E.P. Towne Ctr. Partners, L.P. v. Chopsticks, Inc*., 242 S.W.3d 117, 123 (Tex.App.-El Paso 2007, no pet.).

Preventing a party from exercising rights given to him by the Contract is a breach. *See TeleResource Corp. v. Accor North America*, 427 S.W.3d 511, 519-520 (Tex.App. - Fort Worth 2014, rev. denied).

B.   **Agreed Order as a Contract**

Texas law governs the construction and enforcement of the Agreed Order. *In re Deepwater Horizon,* 785 F.3d 986, 994 (5th Cir. 2015). The Agreed Order complies with Tex. R. Civ. 11 and is interpreted in the same manner as contracts in general. *See Golden Spread*

*Elec. Co-op., Inc. v. Denver City Energy Associates, L.P.,* 269 S.W.3d 183, 190 (Tex. App. - Amarillo 2008, pet. denied); *Dallas Cnty. v. Rischon Dev. Corp.,* 242 S.W.3d 90, 93 (Tex.App.–Dallas 2007, pet. denied).  Enforcement of a Rule 11 agreement can occur years after the trial court lost jurisdiction of the case in which the agreement was entered.  *Coale v. Scott,* 331 S.W.3d 829, 831-832 (Tex. App. - Amarillo 2011, no pet.), *see United States v. City of New Orleans,* 731 F.3d 434, 438-439 (5th Cir. 2013), *Williamson v. Bank of New York Mellon,* 947 F.Supp.2d 704, 707 (N.D. Tex. 2013).

      C.    **Consent**

"[I]t is a defense that the actor's consent is manifested by an agreement between the parties or by other conduct from which the owner's consent can be reasonably inferred." Restatement (Third) of Unfair Competition, § 46, Restatement (Third) of Unfair Competition § 29.  Consent is "A voluntary yielding to what another proposes or desires; agreement, approval, or permission regarding some act or purpose, esp. given voluntarily by a competent person; legally effective assent."  Black's Law Dictionary (10th ed. 2014).

The contract *in Kimbrough v. Coca-Cola/USA*, 521 S.W.2d 719, 720 (Tex. App. - Eastland 1975, writ ref'd n.r.e.) provided:

> There is also a contemplated use of these paintings in a series of institutional advertisements in behalf of college football, in Dave Campbell's TEXAS FOOTBALL Magazines.

When Coca-Cola used Kimbrough's image to advertise Coca-Cola, and Kimbrough sued. Kimbrough argued that his consent was limited by the language "in behalf of college football." The appellate court agreed that the quoted language raised an issue as to the scope of Kimbrough's consent.  *Id*. 724.

In *King v. Ames*, 179 F.3d 370, 372 (5th Cir. 1999), reference to the parties' agreement

TRIAL BRIEF – Page 5

resolved the scope of authorized use of a name or image. The underlying question was whether the licensing agreement related to a single disc or three discs of Freddie King performances. The King heirs successfully sued for breach of contract.

In *Zim v. Western Publishing Co.*, 573 F.2d 1318 (5th Cir. 1978), again, the language of an agreement determined the rights to use the author's name and image. The right to publish the books included the right to use the author's name. If there was no consent to publish, there was no right to use the author's name. *Id*. at 1327.

In *Orthopedic Systems, Inc. v. Schlein*, 202 Cal. App. 4th 529, 533-534 (Cal. App. - 1st Dist. 2011) the handshake deal to sell a product included the right to use the name of the product developer. *Id*. at 534. Termination of the agreement and of royalty payments ended the seller's rights to the products. *Id*. at 537.

### D. Damages

The measure of damages for breach of contract is just compensation for the loss or damage actually suffered. *Phillips v. Phillips*, 820 S.W.2d 785, 788 (Tex.1991). This Court held in *BCC Merchant Solutions, Inc. v. JetPay, LLC*, 129 F.Supp.3d 440, 472 (N.D. Tex. 2015),

> " 'rule for measuring damages for the breach of a contract is just compensation for the loss or damage actually sustained.' " *Phillips v. Phillips*, 820 S.W.2d 785, 788 (Tex.1991) (quoting *Stewart v. Basey*, 150 Tex. 666, 245 S.W.2d 484, 486 (1952)). To recover such actual damages in a breach of contract action, the plaintiff must establish that its damages are "the natural, probable, and foreseeable consequence of the defendant's conduct." *Mead v. Johnson Grp., Inc.*, 615 S.W.2d 685, 687 (Tex.1981).

Tex. Civ. Prac. & Rem. Code § 41.001(4).

As Bankruptcy Judge Houser noted in *In re H & M Oil & Gas, LLC,* 514 B.R. 790, 807 (Bkr. N.D. Tex. 2014):

> In a breach of contract action, damages may be broken into one of two categories: actual (direct) damages or consequential damages. The Texas Supreme Court has held that "[i]n an action for breach of contract, actual damages may be recovered when the

loss is the natural, probable, and foreseeable consequence of the defendant's conduct." *Mead v. Johnson Group, Inc*., 615 S.W.2d 685, 687 (Tex.1981). "Direct damages are the necessary and usual result of the defendant's wrongful act; they flow naturally and necessarily from the wrong." *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 816 (Tex.1997). On the other hand, consequential damages are damages that occur naturally, but do not necessarily stem from the breach. *Id.; RAJ Partners, Ltd. v. Darco Const. Corp*., 217 S.W.3d 638, 647 (Tex.App.–Amarillo 2006, no pet.). Moreover, consequential damages are not recoverable unless the damages were foreseeable. *Arthur Andersen*, 945 S.W.2d at 816; *Mead*, 615 S.W.2d at 687. Accordingly, in order to recover consequential damages, the damages must have been foreseeable by the parties, directly traced to the breach, and result from the breach. *See Mead*, 615 S.W.2d at 687.

## II. Harvey's Defenses to Contract Claim

A contracts are construed as of the date of the contract in this case, March 20, 1993. *In re Poly-America, L.P*., 262 S.W.3d 337, 348-349 (Tex. 2008).

Whether a matter is an affirmative defense depends on the applicable state law. *Lucas v United States*, 807 F.2d 414, 417 (5th Cir. 1986), *Funding Systems Leasing Corp. v. Pugh*, 530 F.2d 91, 95 (5th Cir.1976). Harvey has the burden to prove his affirmative defenses. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex. 1979).

### A. Statute of Frauds

The Contract satisfies the provisions of 17 U.S.C. § 204, and the Texas Statute of Frauds, Tex. Civ. Bus. & Com. Code 26.01. If Harvey signed the Contract, the Statute of Frauds has been satisfied. 17 U.S.C. § 204 and Tex. Civ. Prac. & Rem. Code 26.01.

The Statute of Frauds does not require a signature. The Contract, combined with Harvey's actions of suing Cooper in *Harvey v. Cooper* based on the Contract, and agreeing to the Agreed Order, constituted a later writing which complies with the requirements of 17 U.S.C. § 204. *See KMMENTOR, LLC v. Knowledge Mgmt. Professional Soc.,* 712 F. Supp.2d 1222, 1255 fn. 141 (D. Kan. 2010); *Huebbe v. Oklahoma Casting Co.,* 663 F.Supp.2d 1196, 1206 (W.D. Okla. 2009)*; Balsamo/Olson Group, Inc. v. Bradley Place Ltd. Partnership*, 966 F.Supp. 757,

762-763 (C.D. Ill. 1996). The same applies to Tex. Bus. & Com. Code § 26.01. To deny enforcement of the Contract would amount to a virtual fraud on Cooper. *See Berryman's Southfork, Inc. v. J. Baxter Brinkermann Intern. Corp.,* 418 S.W.3d 172, 192-193 (Tex.App. - Dallas 2013, rev. denied).

The term of the Contract is indefinite, and could end at Harvey's unrestrained discretion less than a year after its formation, the term of the Contract is less than one year. *See id.* at 192.

### B.     **Ambiguity**

Ambiguity is a question of law. *BCC Merch. Solutions, Inc. v. Jet Pay, LLC,* 129 F.Supp.3d 440, 476 (N.D. Tex. 2015).

The language of the Contract is simple and clear. *See Lamajak, Inc. v. Frazin*, 230 S.W.3d 786, 793 (Tex. App. - Dallas 2007, no pet.). Lack of clarity does not create ambiguity, nor does the fact that the parties have differing interpretations of the Contract. *DeWitt Cnty. Elec. Coop v. Parks,* 1 S.W.3d 96, 100 (Tex. 1999). Ambiguity exists when a contract is susceptible to more than one reasonable interpretation after applying established rules of construction. *Univ. Health Servs., Inc. v. Renaissance Women's Grp., PA*, 121 S.W.3d 742, 746 (Tex. 2003).

Use of a "standard commercial form agreement" does not mean it is not enforceable or that its printed language has no meaning. While handwritten and typed provisions of the Contract control over *conflicting* printed provisions, printed provisions have meaning. *See McCreary v. Bay Area Bank & Trust,* 68 S.W.3d 727, 732 (Tex.App.-Houston [14th Dist.] 2001, pet. dism'd). "When discerning the contracting parties' intent, courts must examine the entire agreement and give effect to each provision so that none is rendered meaningless." *Kachina Pipeline Co. v. Lillis,* 471 S.W.3d 445, 450 (Tex. 2015).

### C. Work for Hire

Cooper's taping of performances under the Contract does not create a work for hire under 17 U.S.C. § 101, as the parties did not agree to work for hire in writing. *Community for Creative Non-Violence v. Reid*, 490 U.S. 730, 750-751 (1989).

### D. License, Copyright

17 U.S.C. § 204(a) "A transfer of copyright ownership, other than by operation of law, is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent."

The Contract conveys the interest. *Parker Drilling Co. v. Romfor Supply Co.*, 316 S.W.3d at 72. The Contract provides that Cooper "reserves the right to use the original tape and/or reproductions for display, publication or other purposes. Original videotapes remain the exclusive property of [Cooper]." This language grants an ownership interest in the Videos and the right to publish the Videos.

### E. Statute of Limitations

The elements of the statute limitations are (a) the type of claim, (b) the applicable statute of limitations period, (c) when the cause of action accrued, (d) the statute of limitations accrues when facts are discovered that a cause of action exists. *Hooks v. Samson Lone Star, LP,* 457 S.W.3d 52, 57 (Tex. 2015). The Texas tort statute of limitation is two years from the date of accrual, Tex. Civ. Prac. & Rem. Code § 16.003, and four years for breach of contract. Tex. Civ. Prac. & Rem. Code § 16.004. The elements are the passage of time and when a cause of action accrued. *See Pasan v. Jackson Nat. Life Ins. Co.,* 52 F.3d 94, 98 (5th Cir. 1995).

Cooper does not sue for breaches of contract occurring more than more than four years before filing suit. *See Graham v. Pirkey,* 212 S.W.3d 507, 511-512 (Tex. App. - Austin 2006, no

pet.); *McMillan v. Dooley,* 144 S.W.3d 159, 170 (Tex. App. - Eastland 2004, pet. denied); *United States v. Upper Valley Clinic Hospital, Inc.,* 615 F.2d 302, 305-306 (5th Cir. 1980). Harvey sued Cooper for breaches of contract occurring before November 21, 2012.

F.     **Ratification, Waiver, Disclaimer, and Accord and Satisfaction**

The elements of ratification of a contract are (a) a person's adoption or confirmation, (b) with knowledge of all material facts, (c) of a prior act that did not then legally bind the person, and that the person had the right to repudiate. *Thomson Oil Royalty, LLC v. Graham*, 351 S.W.3d 162, 165 (Tex.App.-Tyler 2011, no pet.).

As this Court noted in its Memorandum Opinion and Order, Doc. 171:

> "Under Texas law, the elements of waiver are: (1) an existing right, benefit, or advantage held by a party; (2) the party's actual knowledge of its existence; and (3) the party's actual intent to relinquish the right, or intentional conduct inconsistent with the right." *Martin v. Fed. Nat'l Mortg. Ass'n*, 814 F.3d 315, 318 n.3 (5th Cir. 2016) (internal citations and quotation marks omitted.)" "Waiver . . . can occur either expressly, through a clear repudiation of the right, or impliedly, through conduct inconsistent with a claim to the right. Waiver is a question of law when the facts that are relevant to a party's relinquishment of an existing right are undisputed." *Boren v. U.S. Nat'l Bank Ass'n*, 807 F.3d 99, 106 (5th Cir. 2015) (internal citations and quotation marks omitted).

The elements of disclaimer are (a) statement, (b) that one has no responsibility for, knowledge of, or involvement with something, or to renounce or disavow a legal claim.  See Black's Law Dictionary (10th ed. 2014).

The elements of accord and satisfaction are (a) a contract, (b) in which the parties agree to the discharge (c) an existing obligation, (b) by means of a subsequent payment tendered and accepted, and (d) the parties specifically and intentionally agreed to discharge a party's obligations. *Katy Intern., Inc. v. Jinchun Jiang*, 451 S.W.3d 74, 86 (Tex.App. - Houston [14th Dist.] 2014, pet. denied).

### G. Laches

Based the Court's Memorandum Opinion and Order, Doc. 171, Cooper does not seek equitable relief at trial. Laches is an equitable defense. *City of Sherrill, N.Y. v. Oneida Indian Nation of New York*, 544 U.S. 197, 217 (2005).

The elements of laches are (a) an unreasonable delay in asserting a right or claim; (b) that is not excused, and (c) that results in undue prejudice to the defendant. *Baylor Univ. Medical Center v. Heckler*, 758 F.2d 1052, 1057 (5th Cir.1985). The evidence shows no change in Harvey's position due to any delay in filing suit by Cooper.

### H. Acceptance

Acceptance is an expression of assent to an offer as evidenced by what the parties said and did. *Luchese Boot Co. v. Rodriguez*, 473 S.W.3d 373 (Tex.App. - El Paso 2015, no pet.). The evidence is that, even without Harvey's signature, Cooper performed his contractual obligations, and, Harvey paid Cooper as agreed and, in 1998, Harvey sued Cooper regarding the Contract. The Contract is binding. *Phillips v. Carlton Energy Grp., LLC,* 475 S.W.3d 265, 277 (Tex. 2015) ("While signature and delivery are often evidence of the mutual assent required for a contract, they are not essential.").

### I. Consideration

Consideration is fundamental to a contract. *In re Capco Energy, Inc.,* 669 F.3d 274, 280 (5th Cir. 2012). What constitutes consideration of is a question of law. *Bryant v. Cady,* 445 S.W.3d 815, 819 (Tex. App. - Texarkana 2014, no pet.). Consideration is presumed to exist. *Doncaster v. Hernaiz,* 161 S.W.3d 594, 603 (Tex.App. - San Antonio 2015, no pet.).

> Consideration is a present exchange bargained for in return for a promise. It consists of either or a benefit to the promisor or a detriment to the promisee.

*Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 496 (Tex.1991) (citations omitted).

TRIAL BRIEF – Page 11

A lack of consideration defense requires that when the contract was entered that the consideration for the Contract was "so inadequate as to shock the conscience, being tantamount to fraud." *Garcia v. LumaCorp, Inc*., 429 F.3d 549, 555 (5th Cir. 2005), *In re C.H.C.*, 396 S.W.3d 33, 45 (Tex. App. - Dallas 2013, no pet.).

"[A] failure of consideration occurs when, because of some supervening cause arising after the contract is formed, the promised performance fails*." Cheung-Loon, LLC v. Cergon Grp., Inc.*, 392 S.W.3d 738, 747 (Tex. App. - Dallas 2012, no pet.).

### J. Unconscionable

A claim that a contract is unconscionable attacks consideration. Unconscionability is a question of law. *In re Poly-America, L.P.,* 262 S.W.3d 337, 349 (Tex. 2008). The Texas Supreme Court held

> A contract is unenforceable if, "given the parties' general commercial background and the commercial needs of the particular trade or case, the clause involved is so one-sided that it is unconscionable under the circumstances existing when the parties made the contract." Unconscionability is to be determined in light of a variety of factors, which aim to prevent oppression and unfair surprise; in general, a contract will be found unconscionable if it is grossly one-sided.

*Id.* at 348-49 (citations omitted).

### K. Unjust enrichment

Unjust enrichment occurs "when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage." *Heldenfels Bros., Inc. v. Corpus Christi*, 832 S.W.2d 39, 41 (Tex.1992). Knowingly entering into the Contract precludes the defense of unjust enrichment. *Harris Cnty. Texas v. MERSCORP, Inc.,* 791 F.3d 545, 561 (5th Cir. 2015).

### L. Conditions Precedent

A condition precedent is an event that must happen or be performed before a right can accrue to enforce an obligation. *Solar Applications Eng'g, Inc. v. T.A. Operating Corp.,* 327 S.W.3d 104, 107 (Tex. 2010). The Contract creates one condition precedent for Cooper, taping

of performances at the Comedy House. The condition has been satisfied. *See Greathouse v. Charter Bank - Southwest,* 851 S.W.3d 173, 174 (Tex. 1992).

### M.  Indefinite Terms

The terms of a contract must be sufficiently definite it is terms so that a court can understand what the promisor undertook. *T.O. Stanley Boot Co., Inc. v. Bank of El Paso*, 847 S.W.2d 218, 221 (Tex.1992).

### N.  Mistake

The elements of mutual mistake are (a) a mistake of fact, (b) held mutually by the parties, and (c) which materially affects the agreed-upon exchange." *City of the Colony v. N. Tex. Mun. Water Dist.*, 272 S.W.3d 699, 735 (Tex.App.-Fort Worth 2008, pet. dism'd). Harvey's alleged mistake seemingly arises not reading the Contract. A party is bound to the contract he signs regardless of whether he read it or believed it had different terms. *In re McKinney,* 167 S.W.3d 833, 835 (Tex. 2005). There was no mistake.

### O.  Res Judicata, Collateral Estoppel

The elements of res judicata (claim preclusion) are (a) the parties are identical or in privity; (b) the judgment in the prior action was rendered by a court of competent jurisdiction; (c) the prior action was concluded by a final judgment on the merits; and (d) the same claim or cause of action was involved in both actions *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 466 (5th Cir. 2013). There was no final judgment on the merits in the State Court lawsuit.

Collateral estoppel is issue preclusion. The elements of collateral estoppel are (a) an identical issue that was previously adjudicated, (b) the issue was actually litigated, and (c) the previous determination was necessary to the decision." *Bradberry v. Jefferson Cnty., Texas*, 732 F.3d 540, 548 (5th Cir. 2013). The only issue that might fall into this category is this Court's

dismissal of Cooper's claims for copyright infringement. At best, the law of this case is that Cooper does not have a claim for copyright infringement. *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816-817 (1988).

    **P.**    **Estoppel**

The elements of equitable estoppel are (a) one party, (b) due to the fault of another, (c) was induced, (d) to change his position for the worse. *Office of Atty. Gen. of Texas v. Scholer*, 403 S.W.3d 859, 862 (Tex. 2013). The elements of quasi-estoppel are (a) asserting a right, (b) to another's disadvantage, (c) inconsistent with a position previously taken. *Lopez v. Munoz, Hockema & Reed, L.L.P.*, 22 S.W.3d 857, 864 (Tex.2000).

The elements of promissory estoppel are (a) a promise, (b) foreseeability of reliance thereon by the promisor, and (c) substantial reliance by the promisee to its detriment. *English v. Fischer*, 660 S.W.2d 521, 524 (Tex. 1983).

    **Q.**    **Prior Material Breach**

The elements of prior material breach are (a) breach of contract by a party, (b) that was material, (c) before the subsequent breach by the other party. *Mustang Pipeline Co. v. Driver Pipeline Co.,* 134 S.W.3d 195, 196 (Tex. 2004).

    **R.**    **Mitigation**

The elements of mitigation are (a) non-breaching party, (b) could avoid damages (c) by reasonable efforts (d) which could be avoided at a trifling expense or with reasonable exertions, (e) did not mitigate damages due to a lack of diligence, and (f) the amount by which the damages were increased by the failure to mitigate. *Turner v. NJN Cotton Co.*, 485 S.W.3d 513, 523 (Tex. App. - Eastland 2015, rev. denied); *Cocke v. White*, 697 S.W.2d 739, 744 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.). Cooper attempted to sell, market and distribute the Harvey

videos, which is the only thing that would have mitigated the damages suffered by Cooper. *See Great Am. Ins. v. North Austin MUD,* 908 S.W.2d 415, 426 (Tex. 1995).

### S. Fraud

Elements of fraudulent inducement: (a) material misrepresentation; (b) known to false or made the representation recklessly without any knowledge of its truth; (c) the representation made with the intent that the other party would act on that representation or intended to induce the party's reliance on the representation; (d) other party suffered an injury by actively and justifiably relying on that representation, and (e) other party entered into the parties' contract based on false representations. *Haase v. Glazner*, 62 S.W.3d 795, 798-799 (Tex.2001); *Exxon Corp. v. Emerald Oil & Gas Co., LLC*, 348 S.W.3d 194, 217 (Tex. 2011). The parties' representations are contained in the Contract, and the provisions of the Contract are not false.

### III. Harvey's Counter Claims

#### A. Invasion of Privacy

The Dallas Court of Appeals in *Express One Intern., Inc. v. Steinbeck,* 53 S.W.3d 895, 900 (Tex. App. - Dallas 2001, no pet.) held: "The three elements of invasion of privacy by misappropriation are: (1) the defendant appropriated the plaintiff's name or likeness for the value associated with it; (2) the plaintiff can be identified from the publication; and (3) there was some advantage or benefit to the defendant." The issue becomes one of consent. *See Kimbrough v. Coca-Cola/USA, King v. Ames* and *Zim v. Western Publ'g Co.*; *see also Busch v. Viacom Intern., Inc.,* 477 F.Supp.2d 764, 769 fn 3 (N.D. Tex. 2007). Restatement (Third) of Unfair Competition § 29 states that consent is a defense to this claim. The Contract contains the consent.

#### B. Violation of Right to Publicity

The right to publicity has been recognized as another name for misappropriation. *Henley v. Dillard Dept. Stores,* 46 F.Supp.2d 587, 590 (N.D. Tex. 1999). Utilizing the Fifth Circuit's elements of misappropriation of name and likeness, the elements of a claim for a violation of right to publicity are: (a) appropriation of the plaintiff's name or likeness for the value associated with it, and not in an incidental manner or for a newsworthy purpose; (b) the plaintiff can be identified from the publication; and (c) there was some advantage or benefit to the defendant. *Meadows v. Hartford Life Ins. Co.*, 492 F.3d 634, 638 (5th Cir. 2007); *Matthews v.. Wozencraft*, 15 F.3d 432, 437 (5th Cir.1994). The Contract contains the consent.

  **C.**  **Conversion**

Elements of conversion are (a) Harvey owned, had legal possession of, or was entitled to possession of the property; (b) Cooper, unlawfully and without authorization, assumed and exercised dominion and control over the property to the exclusion of, or inconsistent with, the plaintiff's rights; (c) Harvey made a demand for the property; and (4) Cooper refused to return the property. *Wells Fargo Bank Nw., N.A. v. RPK Capital XVI, L.L.C.*, 360 S.W.3d 691, 699 (Tex. App.-Dallas 2012, no pet.). Harvey's claim for conversion is that Cooper exercised control over the tapes of Harvey's performances. Harvey alleges that he owns the videos. Under the Contract, Cooper owns the tapes.

  **D.**  **Damages**

Harvey seeks as damages lost profits, injury to reputation and quantum meruit. The elements of lost profits: (a) a reasonable certainty, (b) by competent evidence, (c) that profit would have been made. *ERI Consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 876 (Tex.2010). Harvey's claim for injury to reputation, which relates to slander, defamation, libel, is inapplicable. The theory of quantum meruit does not apply to this case. *See Heldenfels Bros.*

*v. City of Corpus Christi,* 832 S.W.2d 39, 41 (Tex. 1992).

Harvey does not seek the damages allowed for invasion of privacy: mental anguish, *Billings v. Atkinson,* 489 S.W.2d 858, 861 (Tex. 1973), loss of earning capacity, *Big Bird Tree Serv. v. Gallegos*, 365 S.W.3d 173, 179 (Tex.App.—Dallas 2012, pet. denied), and nominal damages, *K–Mart Corp. Store No. 7441 v. Trotti,* 677 S.W.2d 632, 638 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.).

Damages for violation of right to publicity are the value lost by plaintiff, *Houston Mercantile Exchange Corp. v. Dailey Petroleum Corp.,* 930 S.W.2d 242 (Tex.App. - Houston 1996, no writ), not sought by Harvey, and lost profits, *ERI Consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 876 (Tex.2010), listed by Harvey, and the value gained by defendant, *see Calce v. Dorado Expl., Inc.*, 309 S.W.3d 719, 738 (Tex.App. - Dallas 2010, no pet.).

Elements of damages for conversion are either (a) the lost value of the property or (b) have the property returned and recover damages for loss of use during the property's detention. *R.J. Suarez Enterprises, Inc. v. PNYX L.P.,* 380 S.W.3d 238, 243 (Tex.App. - Dallas 2012, no pet.). Harvey sued for neither.

### IV. Cooper's Defenses to Harvey's Counterclaim

#### A. Statute of Limitations

The Texas statutes of limitation for torts is two years from the date of accrual, Tex. Civ. Prac. & Rem. Code § 16.003, and four years for breach of contract. Tex. Civ. Prac. & Rem. Code § 16.004. The elements are the passage of time and when a cause of action accrued. A cause of action accrues when some legal injury occurs. *Murphy v. Campbell,* 964 S.W.2d 265, 270 (Tex. 1997), *Atkins v. Crosland,* 417 S.W.2d 150, 153 (Tex. 1967). The date of accrual is a question of law. *Valdez v. Hollenbeck,* 465 S.W.3d 217, 228 (Tex. 2015).

### B. Laches

The elements of laches, are (a) an unreasonable delay in asserting a right or claim; (b) that is not excused, and (c) that results in undue prejudice to the defendant. *E.E.O.C. v. Rock–Tenn Services Co., Inc.*, 901 F.Supp.2d 810, 832 (N.D. Tex. 2012).

### C. Harvey's Conduct

The elements of unclean hands or *in pari delecto* are (a) seeking equitable relief, (b) guilty of unlawful or inequitable conduct, (c) regarding the issue in dispute. *Chambers v. Hunt Petroleum Corp.,* 320 S.W.3d 578, 584 (Tex.App. - Tyler 2010, no pet.).

The elements of equitable estoppel are (a) one party, (b) due to the fault of another, (c) was induced, (d) to change his position for the worse. *Office of Atty. Gen. of Texas v. Scholer,* 403 S.W.3d 859, 862 (Tex. 2013).

The elements of waiver are (a) an intentional relinquishment of (b) a known right, or intentional conduct inconsistent with claiming the right. *Ulico Cas. Co. v. Allied Pilots Ass'n,* 262 S.W.3d 773, 778 (Tex. 2009).

Respectfully submitted,
BENNETT, WESTON, LAJONE & TURNER, P.C.

s/ Casey S. Erick
_____

J. Michael Weston
SBN: 21232100
jmweston@bennettweston.com
Casey S. Erick
SBN: 24028564
cerick@bennettweston.com
1603 LBJ Freeway, Suite 280
Dallas, TX 75234
214.691.1776
Fax:  (214) 373-6810

CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing Memorandum of Law was served on all counsel of record through the electronic filing of same on this 9th day of January 2017.

s/ Casey S. Erick
_____