### IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **JOSEPH COOPER,** | § | |
| | § | |
| *Plaintiff,* | § | |
| **v.** | § | **CAUSE NUMBER: 3:14-cv-04152-B** |
| | § | |
| **BRODERICK STEVEN "STEVE" HARVEY** | § | |
| | § | |
| *Defendant.* | § | |

## DEFENDANT'S MOTION IN LIMINE AND BRIEF IN SUPPORT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Broderick Steven "Steve" Harvey ("Harvey")  and before any proceedings before the venire panel, make and file this his Motion *in Limine* and Brief in Support (the "Motion"), and respectfully move the Court to instruct Plaintiff, his counsel, and witnesses not to mention, allude to, or attempt to convey to the venire panel and/or to the jury in any manner, either directly or indirectly, upon *voir dire* examination, opening statement, interrogation of witnesses, introduction of any evidence, argument, objections before the venire panel and/or before the jury, reading of any portion of the pleadings, or by any other means or in any other manner inform the venire panel and/or the jury, or bring to the venire panel's and/or the jury's attention, any of the matters set forth in the numbered paragraphs below, unless and until such matters have been first called to the attention of the Court, out of the presence and hearing of the venire panel and/or the jury, and a favorable ruling obtained from the Court as to the admissibility and relevance of any such matters:

1.  **That Plaintiff has/had any claim for tortious interference with contractual relations or prospective business relations. The Court has already ruled as a matter of law that Plaintiff's claims are not actionable. See Dkt. No. 171, pp. 18-24. Thus, these claims are irrelevant, unfairly prejudicial, and inadmissible. See FED. R. EVID. 401, 402, 403.**

    GRANTED          DENIED          AGREED

2.  **Any evidence of the alleged distributor agreement with Movie Video Distributors or the terms or negotiations related thereof. The Court has already ruled as a matter of law that Plaintiff's claims for tortious interference with contractual relations or prospective business relations are not actionable. See Dkt. No. 171, pp. 18-24. Therefore, this alleged distribution agreement and supposed negotiations surrounding it are irrelevant, unfairly prejudicial, hearsay, improper expert subject matter, and thus inadmissible. See FED. R. EVID. 401, 402, 403, 701, 702, 801.**

    GRANTED          DENIED          AGREED

3.  **Allegations that Harvey admitted in a 1998 lawsuit that the Video Invoice is a valid agreement.**

    In various pleadings, Cooper has alleged that Harvey made a "judicial admission" in his Original Petition in the 1998 lawsuit that the Video Contract is a valid agreement. However, this is untrue. Harvey never admitted that the 1993 Invoice provided Cooper with the rights Cooper claims to have in this lawsuit. Additionally, even if Harvey had made an admission, "judicial admissions are not conclusive and binding in a separate case from the one in which the admissions were made," so this argument fails. *See Universal Am. Barge Corp. v. J-Chem, Inc.*, 946 F.2d 1131, 1142 (5th Cir. 1991). Therefore, this alleged admission is irrelevant, unfairly prejudicial, and thus is inadmissible. See FED. R. EVID. 401, 402, 403.

    GRANTED          DENIED          AGREED

4.   **Plaintiff offering documents, recordings or other exhibits into evidence that were not produced timely in this litigation, with the exception of timely impeachment evidence.**

GRANTED _____   DENIED _____   AGREED _____

5.   **Plaintiff from mentioning, alluding to, or offering excerpts of voice mail, surreptitious tape recordings, or other electronic recordings allegedly of conversations between him and Harvey and/or Harvey's representatives since (a) the excerpts were doctored; (b) many of the recordings were never released during the litigation in their entirety; and (c) the recorded conversations were not authorized and some were illegally recorded.**

Most of these recordings are irrelevant to the issues, are unfairly prejudicial, contains hearsay statements of Cooper and others, lack foundations, and are thus inadmissible. See FED. R. EVID. 401, 402, 403, 602, 701, 702, 801.

GRANTED _____   DENIED _____   AGREED _____

6.   **Plaintiff offering excerpts from his recordings of Harvey's performances that contain negative racial, gender, sexual comments or other inflammatory matter on the grounds that such information is irrelevant, unfairly prejudicial, and thus inadmissible.   And some of the recordings contain hearsay statements of other performers.  See FED. R. EVID. 401, 402, 403, 801.**

GRANTED _____   DENIED _____   AGREED _____

7.   **Any testimony from Joseph Cooper regarding the amount of damages he allegedly incurred or the manner in which the damages should be calculated.**

Rule 701 does not give a corporate owner or officer license to testify about all aspects of the industry or business. If that owner or executive tries to apply general industry or business knowledge to areas or matters about which he or she lacks information or experience, that opinion cannot be admitted under Rule 701 because it is not based on personal knowledge and would

3

instead have to be based on specialized knowledge. Rule 701 "expressly prohibits the admission of testimony as lay witness opinion if it is based on 'specialized knowledge.' In other words, 'a person may testify as a lay witness only if his opinions or inferences do not require any specialized knowledge and could be reached by any ordinary person.'" *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 460 (5th Cir.1996)). Indeed, Rule 701 "expressly prohibits the admission of testimony as lay witness opinion if it is based on 'specialized knowledge.'" *Lifewise Master Funding v. Telebank*, 374 F.3d 917, 930 (10th Cir. 2004) (quoting FED. R. EVID. 701). "In other words, a person may testify as a lay witness only if his opinions or inferences do not require any specialized knowledge and could be reached by any ordinary person." *Doddy*, 101 F.3d at 460; *see also United States v. Garcia*, 413 F.3d 201, 215 (2d Cir. 2005) (limiting lay opinion to "the product of reasoning processes familiar to the average person in everyday life"). Rule 701 was amended for the express purpose of prohibiting a party from admitting expert testimony disguised as lay opinion. If Rule 701 could be used to render expert testimony otherwise excluded under Rule 702, "the Court's role as gatekeeper would be subverted by the back-door entry of otherwise inadmissible testimony." *Ortiz-Semprit v. Coleman Co., Inc.*, 301 F. Supp. 2d 116, 122 (D.P.R. 2004).

Furthermore, where the owner lacks such experience or the business has no pre-breach track record of earnings, as is the case with Plaintiff's sales of DVDs and videotapes, lay opinion testimony is not admissible. *See Von Der Ruhr v. Immtech Int'l, Inc.* 570 F.3d 858, 863-65 (7th Cir. 2009); *US Salt, Inc. v. Broken Arrow, Inc.*, 563 F.3d 687, 690 (8th Cir. 2009) (president of a new business not allowed to give opinion of its future prospects because both he and the business "lacked relevant and recent activity" in the product market); *Ho Myung Moolsan Co., Ltd. v. Manitou Mineral Water, Inc.*, 2010 U.S. Dist. LEXIS 127869, at *31-33 (S.D.N.Y. Dec. 2, 2010) (*Von Der Ruhr* and *Broken Arrow* followed; president's opinion rejected for lack of foundation in

4

"data of actual sales or market research"), *cert. denied*, 134 S. Ct. 99 (U.S. 2013); *In re Marketxt Holdings Corp.*, 2011 Bankr. LEXIS 1389, at *6-14 (Bankr. S.D.N.Y. Jan. 7, 2011) (president's opinion of future profits excluded).

Such information would also be irrelevant, hearsay and unfairly prejudicial, and thus is inadmissible. See FED. R. EVID. 401, 402, 403, 801.

| GRANTED | DENIED | AGREED |
| --- | --- | --- |
| _____ | _____ | _____ |

8.   **Any reference, including any questioning regarding the same, relating to privileged information.**

Defendant moves this Court to bar any questions related to attorney/client privileged information.   It is well established that communications between a client and her attorney are privileged. *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981) ("The attorney-client privilege is the oldest of the privileges for confidential communications known to the common law."); Fed. R. Evid. 402, 403, and 511.  Plaintiff, his attorneys, and witnesses should also not be permitted to reference or mention any claim of privilege asserted by Defendant, whether in discovery or at the time of trial, including but not limited to any question reasonably calculated to require Defendant or any witnesses either to reveal privileged information or to invoke any recognized privilege. Fed. R. Evid. 501, 502; Tex. R. Evid. 513.

| GRANTED | DENIED | AGREED |
| --- | --- | --- |
| _____ | _____ | _____ |

9.   **Allegation that Harvey did not provide exemplars of his signature**.

In various pleadings, Cooper has contended that "Harvey failed to provide documents containing his signature in response to discovery [requests]."  First, the request made by Cooper in discovery was for exemplars of Harvey's signatures from 1993 (over 23 years ago), which

Harvey did not have readily available.  Second, Cooper received in this litigation a trademark of Harvey's signature, which allowed him to compare alleged signatures if he so desired.  Third, Cooper never filed a motion to compel any further response to any request for 1993 exemplars. Thus, Cooper should not be permitted to suggest to the jury that Harvey refused to provide exemplars of his signature, as such testimony would be untrue, irrelevant, hearsay and unfairly prejudicial, and thus inadmissible. See FED. R. EVID. 401, 402, 403, 801.

_____       _____       _____

GRANTED          DENIED          AGREED

WHEREFORE, Defendant requests the Court enter an order *in limine* as follows:

A.      That Plaintiff's counsels be instructed not to mention or bring before the jury either directly or indirectly upon *voir dire* and examination, opening statement, interrogation of witnesses, in argument, objections before jury, or by any other means or in any other manner, inform the jury or bring to the jury's attention, any of the matters set forth above unless and until any such matters have been first called to the Court's attention out of the presence and hearing of the jury and a favorable ruling received from the Court as to the admissibility and relevance of any such matters;

B.      That Plaintiff's counsels be specifically instructed to inform, and counsel with, all of their witnesses and clients not to volunteer, interject, disclose, state, mention in the presence of the jury or in any other way refer to any of the matters stated in the above paragraphs, unless and until specifically questioned thereon after prior favorable ruling by the Court; and

C.      That Plaintiff's counsels be instructed that a violation of any of the Court's instructions, if any, in connection with this Motion would be likely to constitute undue harm to

Defendant's case and deprive Defendant of a fair and impartial jury trial, and that such violation and failure to abide by the Court's order may bring about a mistrial and/or result in sanctions.

      **SIGNED** on the _____ day of _____, 2017.


                              _____
                              **JANE J. BOYLE**
                              **UNITED STATES DISTRICT JUDGE**

Respectfully Submitted,


s/ Aubrey "Nick" Pittman
AUBREY "NICK" PITTMAN
State Bar No. 16049750

**THE PITTMAN LAW FIRM, P.C.**
100 Crescent Court, Suite 700
Dallas, Texas 75201-2112
214-459-3454
214-853-5912 – fax
pittman@thepittmanlawfirm.com

s/Wendle Van Smith
WENDLE VAN SMITH
State Bar No. 18701400

**ANDERSON AND SMITH**
7322 Southwest Frwy, Suite 2010
Houston, TX 77074
713-622-5522
713-995-1499 – fax
wendle1v@flash.net

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2017, the foregoing document was filed with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of documents by electronic means.


   /s/ Aubrey "Nick" Pittman
AUBREY "NICK" PITTMAN