UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



| | | |
|---|---|---|
| JOSEPH COOPER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:14-CV-4152-B |
| | § | |
| BRODERICK STEVEN "STEVE" HARVEY, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## JURY INSTRUCTIONS

MEMBERS OF THE JURY:

I.   PRELIMINARY INSTRUCTIONS

    A.   *Introduction*

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict. Do not let bias, prejudice, or sympathy play any part in your deliberations.

### B.   Burden of Proof

Plaintiff Joseph Cooper has the burden of proving his case by a preponderance of the evidence. Defendant Broderick Steven "Steve" Harvey has the burden of proving his counterclaims by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely than not so. If you find that Plaintiff Joseph Cooper has failed to prove any element of his claim by a preponderance of the evidence, then he may not recover on that claim. If you find that Defendant Broderick Steven "Steve" Harvey has failed to prove any element of his counterclaim by a preponderance of the evidence, then he may not recover on that claim.

### C.    *Evidence*

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

### D.    *Witnesses*

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

### E. Deposition Testimony

Certain testimony has been presented to you through a deposition. A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition. Some time before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers have been shown to you during the course of the trial. This deposition testimony is entitled to the same consideration and is to be judged by you as to credibility and weighed and otherwise considered by you in the same way as if the witness had been present and had testified from the witness stand in court.

## II. DEFINITIONS

Throughout the remainder of these instructions, I will refer to the following abbreviated terms, which are defined as follows:

1. Plaintiff Joseph Cooper shall be referred to as "Cooper."

2. Defendant Broderick Steven "Steve" Harvey shall be referred to as "Harvey."

3. The contested "Video Contract" or "Video Invoice" shall be referred to as "Plaintiff's Exhibit 3."

I will now provide you with the instructions and questions you must answer with respect to the claims made in this case.

## III. PLAINTIFF JOSEPH COOPER'S BREACH OF CONTRACT CLAIM

### A. Breach of Contract

In answering Question Numbers 1–2, you are instructed as follows:

#### Contentions of the Parties

Cooper claims that he and Harvey entered into an agreement in March 1993, where they agreed Cooper would tape performances of Harvey in return for ownership rights and rights to publish the footage. Cooper claims that this agreement is memorialized in Plaintiff's Exhibit 3. Cooper claims that Harvey breached this agreement by communicating with Music Video Distributors and YouTube regarding Cooper's planned use of Harvey's footage.

Harvey claims that he retained Cooper to record his performances in 1993, but Harvey denies that he entered into an agreement, written or oral. Harvey also contends that if Plaintiff's Exhibit 3 is an agreement, then it does not cover the 120 hours of footage at issue.

#### Instructions – Breach of Contract

To establish a claim for breach of contract, Cooper has the burden of proving each of the following elements by a preponderance of the evidence:

(1) the existence of a valid contract;

(2) that Cooper performed or tendered performance under the contract; and

(3) that Harvey breached the contract.

In deciding whether the parties reached an agreement, you may consider what they said and

did in light of the surrounding circumstances, including any earlier course of dealing. You may not consider the parties' unexpressed thoughts or intentions.

If you decide that the parties entered into a valid contract, you must decide its meaning by determining the intent of the parties at the time of the agreement. Consider all the facts and circumstances surrounding the making of the agreement, the interpretation placed on the agreement by the parties, and the conduct of the parties.

## QUESTION NO. 1

Did Cooper prove by a preponderance of the evidence that he and Harvey entered into a valid contract?

Answer "Yes" or "No."

ANSWER: __No__

*Instruction: If you answered "No," proceed to Question No. 5. Otherwise, proceed to Question No. 2.*

## QUESTION NO. 2

Do you find by a preponderance of the evidence that Harvey breached the parties' agreement?

Answer "Yes" or "No."

ANSWER: _____

*Instruction: If you answered "No," proceed to Question No. 5. Otherwise, proceed to Question No. 3.*

B.  Harvey's Affirmative Defenses to Breach of Contract

An affirmative defense is a defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's claim, even if all the allegations in the complaint are true. Harvey asserts several affirmative defenses as set forth below.

In answering Question No. 3, you are instructed as follows:

Instructions - Breach of Contract - Affirmative Defenses - Waiver

Harvey contends that Cooper waived compliance with Plaintiff's Exhibit 3, and thus any breach is excused.

Waiver is an intentional surrender of a known right or intentional conduct inconsistent with claiming the right. Failure to comply by Harvey is excused if compliance is waived by Cooper.

## QUESTION NO. 3

Did Harvey prove by a preponderance of the evidence that Cooper waived his rights under Plaintiff's Exhibit 3 by deciding not to market or sell the videos in the years immediately following the recording?

Answer "Yes" or "No."

ANSWER: _____

*Instruction: If you answered "Yes," proceed to Question No. 5. Otherwise, proceed to Question No. 4.*

In answering Question No. 4, you are instructed as follows:

**Instructions - Breach of Contract - Affirmative Defenses - Mistake**

Harvey contends that Cooper and he made a mutual mistake as to the meaning of the terms in Plaintiff's Exhibit 3. Failure to comply is excused if the agreement was made as the result of a mutual mistake.

A mutual mistake results from a mistake of fact common to both parties if both parties had the same misconception concerning the fact in question. A mistake by one party but not the other is not a mutual mistake.

## QUESTION NO. 4

Did Harvey prove by a preponderance of the evidence that he and Cooper made a mutual mistake as to the meaning of one or more terms in Plaintiff's Exhibit 3?

Answer "Yes" or "No."

ANSWER: _____

*Instruction: Proceed to Question No. 5.*

## IV. DEFENDANT BRODERICK STEVEN "STEVE" HARVEY'S MISAPPROPRIATION CLAIM

### A. Misappropriation

In answering Question Number 5 you are instructed as follows:

**Instructions - Misappropriation**

Harvey alleges that Cooper violated his right to privacy and publicity by misappropriation.

"Misappropriate" means—

(1) Cooper made an unauthorized use of Harvey's name or likeness for the value associated with it;

(2) Harvey can be identified from the use; and

(3) there was some advantage or benefit to Cooper.

### QUESTION NO. 5

Did Cooper misappropriate Harvey's name or likeness?

Answer "Yes" or "No."

ANSWER: __Yes__

*Instruction: If you answered "Yes," proceed to Question 6. Otherwise, proceed to the Instructions on Deliberations on Page 14.*

- 11 -

### B. Cooper's Affirmative Defenses to Misappropriation

An affirmative defense is a defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's claim, even if all the allegations in the complaint are true. Cooper asserts several affirmative defenses as set forth below.

In answering Question No. 6–7, you are instructed as follows:

**Instructions - Misappropriation - Affirmative Defenses - Waiver**

Cooper contends that Harvey waived his claims because Harvey knew that Cooper engaged in misappropriation, but did not complain, demand or assert any rights. Waiver is an intentional surrender of a known right or intentional conduct inconsistent with claiming the right.

### QUESTION NO. 6

Did Cooper prove by a preponderance of the evidence that Harvey, by knowing Cooper engaged in misappropriation, waived his right to bring a misappropriation claim?

Answer "Yes" or "No."

ANSWER: __No__

*Instruction: If you answered "No," proceed to Question No. 7. If you answered "Yes," proceed to the Instructions on Deliberations on Page 14.*

In answering Question No. 7, you are instructed as follows:

**Instructions - Misappropriation - Affirmative Defenses - Consent**

Cooper contends that Harvey consented to his use of Harvey's identity. "Consent" is an agreement, approval, or permission regarding some act or purpose, especially given voluntarily by a competent person.

## QUESTION NO. 7

Did Cooper prove by a preponderance of the evidence that Harvey consented to Cooper's use of Harvey's identity?

Answer "Yes" or "No."

ANSWER: __No__

*Instruction: Please proceed to the Instructions on Deliberations on Page 14.*

## V. INSTRUCTIONS ON DELIBERATIONS

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will

respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

SIGNED: January 25, 2017.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

## VERDICT OF THE JURY

We, the jury, have answered the foregoing questions in the manner indicated in this verdict form, and returned these answers to the Court as our verdict.

DATE: _January 26, 2017_

_____
JURY FOREPERSON